785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEONARD M. CREARY, Plaintiff-Appellant,
v.
CLEVELAND TWIST DRILL COMPANY, DIVISION OF ACME-CLEVELAND,
Defendant-Appellee.
 85-3138
 United States Court of Appeals, Sixth Circuit.
 1/20/86
 
 BEFORE: MERRITT, JONES and NELSON, Circuit Judges.
 Per Curiam.
 
 
 1
 The appellant Creary challenges the judgment for the defendant in this suit under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 623, et seq. (1982), on the grounds that the jury instructions incorrectly set forth the proper test for the causation element and that the district court refused to instruct the jury on the defendant's theory of disparate impact. On consideration of the issues raised, we affirm.
 
 
 2
 Creary asserts that the following instruction constitutes reversible error:
 
 
 3
 The three elements that the plaintiff must prove by a preponderance of the evidence are:
 
 
 4
 .............................................................
 
 
 5
 ...................
 
 
 6
 * * *
 
 
 7
 (3) That age was a determining factor in Cleveland Twist Drill's decision to discharge Creary. In other words Creary must prove that he would not have been discharged but for his age, that is, that his age must have made a difference at the time that the decision to discharge him was made.
 
 
 8
 Although we recognize that this court has not expressly approved the 'but for' test as the standard in this circuit, we note that the entire charge instructs the jury several times with the phrase 'a determining factor' and twice with the 'made a difference' language, which are correct statements of the applicable law. See Blackwell v. Sun Electric Corp., 696 F.2d 1176, 1181 (6th Cir. 1983). While the 'but for' language in another context might confuse a jury, the context here is such that we do not believe the jury was misled. Read as a whole, the entire charge instructs the jury that Creary was not required to prove that age was the sole or exclusive reason for his discharge. The following passage is illustrative:
 
 
 9
 Creary's burden is met if he established that one factor in the decision was his age; and further that the age factor made a difference in Cleveland Twist Drill's decision; and finally that Creary's age made a difference if, when considered with even compelling non-discriminatory reasons, Creary was discharged because of his age.
 
 
 10
 Consequently, we hold that the instruction regarding the causal relationship was adequate.
 
 
 11
 Creary's second allegation of error is that the district court failed to give a requested instruction on his claim of disparate impact. Although the district court appears to have misunderstood the law when it suggested that the two theories of disparate treatment and disparate impact could not both be submitted to a jury, see Rowe v. Cleveland Pneumatic Co., 690 F.2d 88 (6th Cir. 1982), we do not find that the court erred in determining that the facts of this particular case did not warrant an instruction on disparate impact. See Rowe, id. at 92 (requiring that the court determine whether there is sufficient evidence to present a theory of discrimination to the trier of fact).
 
 
 12
 We therefore AFFIRM the judgment of the district court.